**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM D. BURNS,

    Petitioner,                                        CASE NO. 03-cv-40189-DT

v.                                                HONORABLE STEPHEN J. MURPHY, III

BLAINE LAFLER,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RELIEF FROM JUDGMENT (document no. 45) FOR LACK OF JURISDICTION**

In 2003 William D. Burns, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Burns challenged his convictions of conspiring to burn real property, burning real property, and being a fourth felony habitual offender. District Judge Paul V. Gadola denied the petition. *Burns v. Lafler,* 328 F. Supp. 2d 711 (E.D. Mich. 2004). The United States Court of Appeals for the Sixth Circuit subsequently denied Mr. Burns a certificate of appealability. *Burns v. Lafler,* No. 04-1986 (6th Cir. March 1, 2005).

Burns subsequently filed with the United States Court of Appeals for the Sixth Circuit a motion for leave to file a successive petition for writ of habeas corpus, on the ground that he had newly discovered evidence of Ohio police investigation records which would establish that the prosecutor committed misconduct in his Michigan criminal case by withholding evidence that would have corroborated his alibi defense. The Court of Appeals

1

denied the petition. *In Re Burns,* No. 08-1665 (6th Cir. October 29, 2008).

Mr. Burns has now filed a motion for relief from judgment, in which he claims that Judge Gadola erred in failing to grant his motion for discovery. In that motion, Burns had sought the production of this allegedly exculpatory material that was contained in the Ohio police records. On March 3, 2009, the case was reassigned to the undersigned. *See* document no. 46.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

The United States Supreme Court has held that if a habeas petitioner's Rule 60(b) motion for relief from judgment seeks to advance one or more substantive claims following the denial of the petition, the motion should be treated as a "second or successive habeas petition" subject to § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005). The general rule is that a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 534. Rule 60(b) motions that fall within this category include motions seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, motions seeking to present newly discovered evidence not presented

2

in the petition, and motions seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied. *Id.* at 531-33. When a habeas petitioner's Rule 60(b) motion does not attack the substance of the federal court's resolution of the petitioner's claims, but some "defect in the integrity of the federal habeas proceedings," it should not be treated as a second or successive habeas petition for which authorization is required from the court of appeals pursuant to § 2244(b). *Id.* at 532.

In *Post v. Bradshaw,* 422 F. 3d 419 (6th Cir. 2005), the Sixth Circuit considered a habeas petitioner's Rule 60 motion for relief from a judgment denying his habeas application, based upon the failure of habeas counsel to pursue discovery. The petitioner had obtained the district court's approval, but the Court of Appeals held that his motion was a second or successive habeas petition barred by the AEDPA, because the motion sought to advance, through new discovery, claims that the district court previously considered and dismissed on substantive, constitutional grounds. *Id.* at 424. The Sixth Circuit concluded that it made no difference that the petitioner's motion did not directly challenge the district court's substantive analysis of his claims, because the petitioner was nonetheless "'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." *Id.* (quoting *Gonzalez,* 125 S. Ct. at 2647-48). Thus, a Rule 60(b) motion which seeks new evidence in support of habeas claims which had previously been denied qualifies as a second or successive habeas petition. *Id.* at 425; *see also In Re Bowling,* 422 F. 3d 434, 439-40 (6th Cir. 2005) (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

3

In the present case, Burns claims that he attacks a defect in the integrity of the adjudication of his prior habeas petition – namely, Judge Gadola's failure to grant discovery. This may be true. But by the same token, Burns's motion is also undeniably an attempt to introduce new evidence in support of his previously adjudicated claim that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). It would appear that Judge Gadola rejected Burns's *Brady* claim, on the grounds that much of the evidence of these motel receipts and telephone records which Burns claims would corroborate his alibi defense – and which were in the possession of Ohio authorities – was turned over to petitioner's counsel at the time of his trial. *Burns,* 328 F. Supp. 2d at 723-24. Therefore, Burns' current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus for which he is required to obtain a certificate of authorization from the Sixth Circuit.

Unfortunately for Burns, the Sixth Circuit has already denied him permission to file a second habeas petition based upon this newly discovered evidence. *In Re Burns,* No. 08-1665 (6th Cir. October 29, 2008). A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant a petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x. 312, 313-14 (6th Cir. 2001). Therefore, this Court is without authority to grant Mr. Burns relief pursuant to Fed.R.Civ.P. 60(b). *See Sullivan v. Sherry,* No. 2007 WL 2571966, * 1 (E.D.Mich. September 5, 2007).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that petitioner's motion for relief from

4

judgment [docket entry # 45] is **DENIED FOR LACK OF JURISDICTION.**


    **SO ORDERED.**


        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  August 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager